**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MORRIS J. PEAVEY, JR.,** *pro se,* **et al.,**

    **Plaintiffs,**

v.                                                           **Case No. 8:09-cv-1975-T-30AEP**

**SCOTT BLACK, Mayor, City of Dade**
**City, Florida, et al.,**

    **Defendants.**
**_____/**

## **ORDER**

Plaintiffs filed a complaint in this Court on September 29, 2009. The Complaint is largely indecipherable but appears to be based on a problem regarding the re-zoning of real property once owned by Victoria Ingram. The property now appears to be owned by Plaintiff Morris J. Peavy, Jr. Plaintiffs bring this action for violations of their civil rights and violations of several federal and Florida state statutes.

Plaintiff Mamie A. Horne filed an earlier complaint based on the same underlying facts in the United States District Court for the Southern District of Florida on August 21, 2008. The Eleventh Circuit follows the first to file doctrine, which provides that in the event of parallel litigation in different courts, the first court in which jurisdiction attaches should

hear the case "in the absence of compelling circumstances."[1] The issue before this Court is whether the first to file rule mandates the dismissal of the instant action. The Court finds that it does.

The first-filed rule applies when there are two actions in separate federal courts involving overlapping issues and parties.[2] The Court in which the first suit was filed is the preferred forum.[3] The party objecting to the application of the first-filed rule has the burden of proving compelling circumstances to warrant an exception to the rule.[4]

Here, it is undisputed that Mamie Horne filed a complaint in the Southern District of Florida over one year before filing the complaint in this Court. The first complaint in that case was dismissed and Horne was given leave to amend. The amended complaint was also dismissed due to procedural deficiencies, improper venue, and the "frivolous and malicious" nature of the complaint.[5] Upon dismissal of her amended complaint, Horne filed a Notice of Appeal of the dismissal order. The appeal is currently pending in the Eleventh Circuit Court of Appeals.

There is no dispute that the parties in both actions are substantially similar or that the underlying facts are identical. Therefore, the burden shifts to the Plaintiffs to prove

---

[1] *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982).

[2] *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. Ga. 2005).

[3] *Id.*

[4] *Id.*

[5] Dkt. 6-1 at 1-2.

compelling circumstances. Plaintiffs have not provided any reason why the first filed rule should not apply here. However, should the Eleventh Circuit affirm the Southern District judge's order, that action will not remain pending in the Southern District.

It is therefore ORDERED and ADJUDGED that:

1. This action is **STAYED** pending the Eleventh Circuit Court of Appeals's decision on the order of dismissal in the Southern District action.

2. Defendants are directed to notify the Court in writing of the decision of the Eleventh Circuit Court of Appeals regarding the Southern District action within **twenty (20)** days of the issuance of the decision.

3. The Clerk is directed to administratively close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 12, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1975.stay.frm