UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORRIS J. PEAVEY, JR., et al.,

    Plaintiffs,

v.                                           CASE NO: 8:09-cv-1975-T-30AEP

SCOTT BLACK, Mayor of Dade City,
et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Mayor Scott Black, City of Dade City, and Karla Owens' Motion to Dismiss Second Amended Complaint (Dkt. #41), the United States Motion to Dismiss Second Amended Complaint filed on behalf of Defendant Timothy Geithner (Dkt. #42), Defendants Pasco County and George Romagnoli's Motion to Dismiss Second Amended Complaint (Dkt. #43), and Plaintiffs' Response (Dkt. #44).

## BACKGROUND

Plaintiffs filed their original complaint on September 9, 2009. This action was stayed pending the Eleventh Circuit's decision in an appeal of an order of dismissal stemming from a similar action on the same facts in the Southern District of Florida. The Eleventh Circuit affirmed the dismissal of the Southern District action. This Court then dismissed this action for failure to comply with Federal Rule of Civil Procedure 8(a). This Court granted Plaintiffs

leave to amend the complaint. On October 4, 2010, Plaintiffs filed an Amended Complaint, which was similarly dismissed for failure to comply with Rule 8(a). Plaintiffs were again granted leave to amend. The Plaintiffs filed their Second Amended Complaint on December 3, 2010.

## DISCUSSION

### Noncompliance with Rule 8(a)

Plaintiff's complaint still fails to comply with Rule 8(a), which requires that "[a] pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction…, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for relief sought." Fed. R. Civ. P. (8)(a)(2007).

Because this is a motion to dismiss, this Court assumes that all the facts in the complaint are true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Court is not required to accept all legal conclusions as true. *See Ashcroft v. Iqbal*, 129 S. Court. 1937, 1940 (2009). Because Plaintiffs are pro se, this court construes all allegations liberally. *See Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998). Even applying this liberal standard, Plaintiff's Second Amended Complaint fails to meet the requirements of Rule 8(a). A party's "pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." *Grills v. Phillip Morris USA, Inc.*, 645 F. Supp. 2d 1107, 1121 (M.D. Fla. 2009). It cannot be determined from the complaint which facts support

which claim, and which claims are being brought against which defendants. Many of the facts and claims are incomprehensible, and the complaint is laced with unfounded legal conclusions.

Additionally, Plaintiffs have again failed to sufficiently allege that this Court has subject matter jurisdiction over the claims against Defendant Timothy Geithner, Secretary of United States Department of the Treasury. "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued…and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted). Plaintiffs have the burden of showing that this Court has subject matter jurisdiction by demonstrating that the United States has consented to being sued. See *Riley v. Fairbanks Capital Corp.*, 222 Fed. Appx. 897, 899 n.3 (11th Cir. 2007). Plaintiffs have not met this burden.

Accordingly, this motion must be dismissed for failure to comply with Rule 8(a).

## **CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. Defendants Scott Black, City of Dade City, Florida and Karla Owens' Motion to Dismiss Second Amended Complaint (Dkt #41) is GRANTED.

2. The United States of America's Motion to Dismiss Second Amended Complaint, filed on behalf of Timothy Geithner (Dkt. #42) is GRANTED.

3. Defendants Pasco County and George Romagnoli's Motion to Dismiss Second Amended Complaint (Dkt. #43) is GRANTED.

4. Plaintiffs' Second Amended Complaint (Dkt. #38) is hereby DISMISSED without prejudice.

5. The Court is unable to decipher the wrong or wrongs for which Plaintiffs are seeking relief. Plaintiffs seem to complain of a 1975 zoning change that they claim was racially motivated. And they mention a "conspiracy" between a bank or banks with the IRS to harm Plaintiffs' credit, but no bank is a party to this action. Because Plaintiffs have failed, after three tries, to state any claim cognizable in this Court, and because it appears they will be unable to do so, this Court is not granting further leave to amend.

6. All pending motions are denied as moot. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2011.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-1975.mtd 41.wpd